Filed 11/20/24  P. v. Knight CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JEVANNI KNIGHT, <br><br> Defendant and Appellant. | A168726 <br><br> (Alameda County <br> Super Ct. No. 19CR011428) |

Defendant Jevanni Knight appeals from the trial court's imposition of an upper term sentence following his convictions for voluntary manslaughter and possession of a firearm by a felon.  (Pen. Code,[1] §§ 192, subd. (a), 29800, subd. (a)(1).)  The Attorney General concedes that remand for resentencing is appropriate.  We reverse and remand for a full resentencing hearing.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2019, when defendant was 22 years old, he was crossing the street with his friend D.H.  Michael Sadberry drove his car near D.H. in the crosswalk, and D.H. yelled that Sadberry almost hit him.  Sadberry exited his car and began punching D.H.  D.H. fought back and yelled for help.  As the fight continued and Sadberry held D.H.'s sweatshirt, defendant fired a shot at Sadberry.  The shot hit Sadberry in the neck, killing him.

---

[1] Undesignated statutory references are to the Penal Code.

The Alameda County District Attorney filed an information charging defendant with murder (§ 187, subd. (a)) and unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1)). The information further alleged as to the murder charge that defendant had personally and intentionally discharged a firearm causing great bodily injury or death. (§ 12022.53, subds. (a), (b), (c), (d).) The prosecution dismissed this enhancement prior to trial. The information alleged defendant was ineligible for probation because he committed the offenses while on felony probation. (§ 1203, subd. (k).) The information identified a February 2016 conviction under section 25850 as the felony supporting the section 1203, subdivision (k) allegation. The prosecution did not allege aggravating factors at any point during the proceedings. (§ 1170, subd. (b)(2).)

During trial, the parties stipulated that defendant had a prior "felony conviction," but the stipulation did not specify the charge or the probationary sentence. Defendant testified that he shot Sadberry because he was afraid Sadberry would keep hurting D.H. Defendant asserted that he grew up in an unsafe area where gun violence was common and knew friends and family who were killed. The jury acquitted defendant of murder, finding him guilty of voluntary manslaughter. (§ 192, subd. (a).) The jury also convicted defendant of unlawful firearm possession. (§ 29800, subd. (a)(1).)

At sentencing, the prosecution sought an upper term sentence of 11 years for voluntary manslaughter and a consecutive sentence of 8 months for unlawful firearm possession. The defense argued for a presumptive low term sentence based on defendant's youth and history of trauma witnessing gun violence as a youth. (§ 1170, subd. (b)(6).) The defense further argued that the prosecution's proposed sentence violated section 1170, subdivision (b)(2) because defendant's prior conviction was not pled or proven to a jury and the

2

trial stipulation did not include the "facts underlying" the aggravating circumstances argued by the prosecutor.

The trial court took judicial notice of defendant's 2016 conviction for carrying a loaded firearm in public (§ 25850), specifying the year and the offense. The court did not state it was taking judicial notice of the sentence associated with the conviction or of any postconviction proceedings affecting the length of probation. Based on the prior conviction, the court found two aggravating circumstances: defendant's "crimes are of increasing . . . seriousness" and defendant "was still on probation for [the 2016] offense at the time of this offense," showing "he was not successful on that probation." The court acknowledged defendant's youth but did not find it "a significant factor . . . and certainly not enough to overcome the aggravating circumstances." The court observed that defendant's claim of trauma was based on his trial testimony and defendant had admitted being untruthful on the witness stand. The court noted defendant did not claim trauma in his probation interview, where he described having "a very good childhood" and denied experiencing any mental, physical, or sexual abuse. The court thus found the aggravating circumstances "outweigh[ed] this factor as well."

The trial court sentenced defendant to 11 years 8 months, consisting of an upper term for voluntary manslaughter and a consecutive midterm for unlawful firearm possession.

## II.  DISCUSSION

We accept the Attorney General's concession[2] that remand for resentencing is appropriate. The record is inadequate to support the trial

---

[2] The Attorney General's concession is based on *Erlinger v. United States* (2024) 602 U.S. 821, 834, which applied Sixth Amendment jurisprudence requiring that "[v]irtually 'any fact' that ' "increase[s] the

court's determination that defendant remained on probation at the time of the present offenses.

Section 1170, subdivision (b)(2) authorizes a sentence exceeding the middle term only when circumstances in aggravation are present and the facts underlying those circumstances were stipulated to by the defendant or found true beyond a reasonable doubt at trial, with "trial on the circumstances in aggravation . . . bifurcated from the trial of the charges and enhancements." As an exception, section 1170, subdivision (b)(3) allows the court to consider the defendant's prior convictions "based on a certified record of conviction."

Here, the aggravating circumstances were not tried to the jury. Defendant's trial stipulation did not include the "facts underlying" the aggravating circumstances (§ 1170, subd. (b)(2)), specifically, the nature of the offense, the duration of the probation sentence, and any postconviction adjudications of probation violations affecting the term of probation. And the People introduced no certified conviction, relying on a request for judicial notice. This is not authorized by the statute. (See *People v. Wiley*, *supra*, 97 Cal.App.5th at p. 700, review granted [§ 1170, subd. (b)(3) "limits the class of materials on which a trial court may rely in finding aggravating factors

___

prescribed range of penalties to which a criminal defendant is exposed" ' " be determined by a jury. Recent decisions by this division and by our colleagues in Division Four recognize an exception for the determinations at issue here—whether convictions were of increasing seriousness and whether previous performance on probation was poor—insofar as the relevant facts are established by the record of conviction. (See *People v. Morgan* (2024) 103 Cal.App.5th 488, 516–518, review granted Oct. 2, 2024, S286493; *People v. Wiley* (2023) 97 Cal.App.5th 676, 685–688, review granted Mar. 12, 2024, S283326). We concur with these authorities and limit our acceptance of the Attorney General's concession to the conceded result, not its reasoning.

4

based on prior convictions," noting authority holding a probation report is not a certified record of conviction under the statute].)

Even authorities upholding an upper term sentence based on a certified record of conviction without a jury finding have required that the facts demonstrating the unsatisfactory probation performance appear in the record of conviction. (See *People v. Wiley*, *supra*, 97 Cal.App.5th at pp. 687–688, review granted; *People v. Towne* (2008) 44 Cal.4th 63, 82.) In taking judicial notice of defendant's 2016 conviction, the trial court did not specify the record it relied on, the term of probation, or the basis to conclude that defendant remained on probation in 2019—particularly considering the intervening passage and potential retroactive application of Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Stats. 2020, ch. 328), which limits the probation term for a violation of section 25850 to two years. (§ 1203.1, subd. (a); see *People v. Faial* (2022) 75 Cal.App.5th 738, 745–747, review granted May 18, 2022, S273840; *People v. Canedos* (2022) 77 Cal.App.5th 469, 476–480, review granted June 29, 2022, S274244.)

Our Supreme Court has held that "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*People v. Lynch* (2024) 16 Cal.5th 730, 768.) "The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Ibid.*) Otherwise, "applying the *Chapman*[3]

---

[3] *Chapman v. California* (1967) 386 U.S. 18.

5

standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, at p. 768.)

Here, regardless of whether defendant was entitled to a jury finding on his alleged unsatisfactory performance on probation, the underlying facts were not proved in compliance with section 1170, subdivision (b)(3). The trial court erred in relying on the unproven allegation to impose an upper term sentence, and that error is not harmless beyond a reasonable doubt.

We remand for a full resentencing. Given the scope of the remand, it is not necessary for us to reach the merits of the parties' dispute regarding the trial court's finding that section 1170, subdivision (b)(6)'s presumption either did not apply to defendant or was overcome. (See *People v. Jones* (2022) 79 Cal.App.5th 37, 45–46 [on remand for resentencing, the trial court is entitled to consider the entire sentencing scheme].)

### III. DISPOSITION

The judgment is reversed. The matter is remanded for the trial court to hold a new sentencing hearing consistent with section 1170, subdivision (b)(2), (3), and (6).

HILL, J.[*]

WE CONCUR:

HUMES, P. J.

BANKE, J.

---

[*] Judge of the San Mateo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.